CALEDONIA,              GEORGE C. CAHOON *v.* ADAMS MOORE.
  *July,*
  1839.

An indorsee of the administrator of the payee of a negotiable promissory
  note may maintain an action upon such note in his own name.

In such case, the plaintiff need not make a profert of the letters of adminis-
  tration, nor allege by whom they were granted.

THIS was an action of assumpsit upon a promissory note, in
which the plaintiff declared as follows, to wit:

In a plea of the case for that on the 4th day of February,
1834, the defendants, by their note in writing for value re-
ceived, jointly and severally promised to pay one Franklin
Hunter, or order, eighty two dollars and fifty cents, in eigh-
teen months from the date thereof, with interest annually,
said note bearing date of said 4th day of February, which
said Hunter, has, since the execution of said note, deceased,
whereby said note came into the hands and custody of Isa-
bella C. Hunter, duly appointed administratrix of the estate
of the said Franklin Hunter, deceased, and said note not be-
ing paid in the lifetime of said Franklin Hunter, deceased,
nor to his said administratrix, although said time of payment
has long since elapsed, the said Isabella C. Hunter, as ad-
ministratrix as aforesaid, to wit, on the day of the date of
this writ, for a valuable consideration, by her writing, under
her hand, indorsed said note to the plaintiff, of which the
defendants had due notice, whereby the defendants became
liable, &c.

To this declaration the defendant demurred generally.

The county court adjudged the declaration sufficient, and
the defendant excepted.

*C. Davis*, for defendant, cited the following authorities:
*Lee* v. *Havens*, Bray. R. 93.   *Anonymous*, do. 105.   *Ad-
ministrator of Dodge* v. *Wetmore*, do. 92.   *Vaughn, Ad-
m'r* v. *Barrell*, 5 Vt. R. 333.   1 U. S. Cond. R. 310.   3
Day's R. 303.   *Goodwin* v. *Jones*, 3 Mass. R. 514.   1 N.
H. Rep. 193.   2 do. 291.

*G. C. Cahoon*, for plaintiff, cited Cro. Car. 209.   *Gray* v.
*Field*, Cro. Jac. 70.   *Stone* v. *Rawlinson*, Willes' R. 560.
3 Chit. Pl. 14, note.   Chit. on Bills, 159.   3 Wils. R. 1.
2 Strange's R. 1260.   2 Burr. R. 1225.

The opinion of the court was delivered by

BENNETT, J.—It is insisted, on the part of the defendant, that the administrator of the payee of a negotiable note, has no power to indorse it, so as to enable the indorsee to maintain an action on it in his own name ; but this is a position to which we cannot accede. Though this might once have been a question, in England, that would admit of argument, yet it has long since been put at rest. The executor or administrator of a person to whom a bill or note is made payable, has the absolute property in it, and is clothed with all the powers of the payee, and he may, therefore, assign it to whom he pleases, and such assignee may maintain an action in his own name.

This is the settled law of England ; but it is insisted, that a different rule should obtain in this state. We do not discover any good reason for changing the rule. In the case of *Griswold* v. *Barnum*, 5 Vt. R. 269, it was held that a declaration, much like the present, was sufficient. The doctrine of that case is, that an administrator's indorsement of a negotiable note will enable the indorsee to maintain an action in his own name against the maker, where there is no insolvent representation of the estate, nor any matters of offset, under the statute law of the state, to embarrass such action. This is a direct authority to sustain the present declaration.

It is also urged that the declaration contains no averment of the place where the payee of the note resided at the time of his death, or by what authority the letters of administration were granted to Isabella C. Hunter.

In the case of *Stone* v. *Rawlinson*, Willes' R. 560, cited in the plaintiff's brief, it was held that the indorsee in a declaration upon a note indorsed by the administrator of the payee, need not make profert of the letters of administration, nor aver by whom the letters of administration were granted. In that case, it is said, "the letters of administration cannot be supposed to be in the custody or power of the indorsee, and, therefore, he ought not to be obliged to produce them, and, for the same reason, he need not show by whom they were granted." On trial, it would, no doubt, be necessary for the plaintiff not only to give in evidence the letters of administration, as they furnish the title under which he claims, but must, also, show that they were granted by a court of

competent powers. See 3 Wils. R. 1, where the same case is reported in the King's bench. The averment in this declaration is, that "Isabella C. Hunter was duly appointed administratrix upon the estate of Franklin Hunter, deceased, and, as such administratrix, indorsed the note," &c. The averment in the declaration in the case of *Griswold* v. *Barnum*, was quite similar, and the court say, "we must presume the administration upon the estate of Winans, deceased," (the payee of the note,) "was regularly granted in this state." It is true, there is no averment of the time and place of granting administration, but this is only cause for special demurrer, and, we believe, from the averment that Isabella C. Hunter was duly appointed administratrix, &c., the intendment should be, that the grant of administration was a legal one, and such as our laws require. By a recurrence to the approved forms of declarations, in such cases, it will be found that they do not allege the authority by whom the letters of administration are granted. Though the present declaration is informal, yet we do not find that it is fatally defective in substance. The judgment of the county court is, therefore, affirmed.